IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH V. FISHER,

           Petitioner,

     v.

JEFF PREMO, Supt.,
Oregon State Penitentiary,

           Respondent.

           Civil No. 6:15-cv-00463-BR

           OPINION AND ORDER

        KRISTINA S. HELLMAN
        Assistant Federal Public Defender
        1000 SW Main Street
        Suite 1700
        Portland, OR  97204

           Attorney for Petitioner

        ELLEN F. ROSENBLUM
        Attorney General
        JAMES A. AARON
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, OR  97301

           Attorneys for Respondent

    1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED.

## BACKGROUND

On October 19, 2007, a Clackamas County grand jury indicted Petitioner on two counts of Attempted Murder, two counts of Assault in the Second Degree, three counts of Unlawful Use of a Weapon, two counts of Strangulation, two counts of Menacing, two counts of Assault in the Fourth Degree, and one count of Harassment. Resp. Exh. 102, pp. 1-4. The charges stemmed from Petitioner's attack on his wife and two men who came to her aid; for part of the attack Petitioner was armed with and used a sword. Resp. Exh. 105, pp. 33-34.

Petitioner entered into a plea agreement whereby he agreed to plead guilty to two counts each of Attempted Murder and Assault in the Second Degree in exchange for dismissal of the remaining counts. Resp. Exh. 103. Petitioner agreed to "open sentencing." Resp. Exh. 104, p. 3. At the change of plea hearing on March 5, 2008, the trial judge engaged in an extensive colloquy with Petitioner. Resp. Exh. 104, pp. 2-5. A pre-sentence investigation was ordered and the matter was set over for sentencing. *Id.*

Petitioner's attorney subsequently moved to withdraw, and the court appointed a new attorney. Petitioner then moved to withdraw his guilty pleas. On June 20, 2008, the trial court held a hearing on Petitioner's motion. The trial judge considered polygraph results offered by Petitioner, the written plea agreement, the tape recording of the change of plea hearing, and testimony from Petitioner, and found Petitioner not credible. Resp. Exh. 105, pp. 20-31. As such, the court denied Petitioner's motion. Resp. Exh. 105, p. 31.

The trial court then sentenced Petitioner to mandatory minimum sentences of 90 months for each count of Attempted Murder and 70 months for each count of Assault in the Second Degree. Resp. Exh. 101. The court ordered that the sentence for one of the counts of Assault in the Second Degree be concurrent with the others, but otherwise imposed consecutive sentences, resulting in a 250 month term of imprisonment. Resp. Exh. 101. The court entered judgment on June 27, 2008. Petitioner did not directly appeal his conviction or sentence.

On April 22, 2010, Petitioner signed a petition for state post-conviction relief ("PCR"). Resp. Exh. 106. Following an evidentiary hearing, the PCR trial court denied relief. Resp. Exh. 107. Petitioner appealed the denial of PCR relief, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme

Court denied review. *Fisher v. Premo*, 264 Or. App. 46, 332 P.3d 371, *rev. denied*, 356 Or. 510, 339 P.3d 927 (2014).

On March 17, 2015, Petitioner mailed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to this Court. (ECF No. 2). Petitioner alleges four claims of ineffective assistance of counsel and one claim of actual innocence. Respondent argues the Petition must be dismissed as untimely under 28 U.S.C. § 2244. Petitioner concedes the Petition is untimely, but contends he has established equitable tolling such that this Court may consider the merits of his constitutional claims. In the alternative, Petitioner argues he had made specific factual allegations which, if proved to be true, would establish his actual innocence, and requests an evidentiary hearing.

## LEGAL STANDARDS

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the statute, the one year period begins to run from the date the judgment becomes final at the conclusion of direct review "or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding or other collateral review. 28 U.S.C. § 2244(d)(2); *Lee v. Lampert*, 610 F.3d 1125, 1127

(9th Cir. 2010).    However, time elapsed after the conviction is final and before state PCR petition is filed, as well as time after the state PCR proceeding concludes and before the federal petition is filed, both count against the one-year limitation period.    28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

The one-year limitations period may be equitably tolled upon a showing that:    (1) petitioner pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.    *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Fue v. Biter*, No. 12-55307, 2016 WL 6803045, at *5 (9th Cir. Nov. 17, 2016); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015).    The extraordinary circumstance raised must be both the but-for cause and the proximate cause of the untimeliness.    *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001).    The inquiry sets a high bar, reserving equitable tolling for rare cases.    *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).    A petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Also, to avoid a miscarriage of justice, the limitation period established in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133

S. Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316). The exception is to be applied only in the "extraordinary" or "extremely rare" case. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup*, 513 U.S. at 320-21.

## DISCUSSION

### I.    Equitable Tolling

In his Petition, Petitioner states that he "seeks equitable tolling based on his mental illness and the fact that his trial attorney withheld the record from him for an extensive period of time, thereby delaying Petitioner's ability to seek state remedies." (ECF No. 2, p. 11.) Petitioner provides no further factual allegations or evidence detailing the nature or severity of his mental condition, and does not address this argument in his Brief in Support.

The Ninth Circuit has set forth the standard for obtaining equitable tolling based on a mental impairment, as follows:

> (1) First, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control by demonstrating that the impairment was so severe that either
>
>> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>>
>> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Yeh*, 751 F.3d at 1078 (quoting *Bills*, 628 F.3d at 1099-100); *Forbess v. Franke*, 749 F.3d 837, 840-41 (9th Cir. 2014). The second prong does not require literal impossibility, but rather proof that the mental impairment was "so debilitating that it is the but-for cause of the delay" in light of the totality of the circumstances. *Yeh*, 751 F.3d at 1078; *Forbess*, 749 F.3d at 841; *see also Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (holding that where a habeas petitioner can show that "mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an extraordinary circumstance . . . and the deadline should be equitably tolled." (internal quotations omitted)).

Petitioner fails to identify the nature or severity of his impairment and has made no showing that the alleged "mental

condition" rendered him unable to understand the need to file timely or that he was unable personally to prepare and file a habeas petition.  In fact, the record shows that Petitioner's trial attorney had a psychologist evaluate Petitioner who concluded that Petitioner was able to aid and assist in his defense despite significant depression at times that make it difficult for him to cooperate with his attorney.  Resp. Exh. 105, pp. 2, 4, 21-22.  The psychologist further concluded that Petitioner was within the competent range of functioning, adequately understood the proceedings against him, and had the capacity to adequately cooperate with counsel and participate in his own defense.  Resp. Exh. 105, p. 22.  In the absence of any evidence to contradict this opinion or of subsequent mental evaluations, Petitioner has not set forth sufficient facts or evidence to warrant equitable tolling based on a mental impairment.

Petitioner similarly fails to show that his attorney's failure to turn over his records prevented him from timely filing his petition.  Equitable tolling may be warranted in instances of unprofessional attorney behavior.  *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011).  In cases where a petitioner claims his attorney was the case of the untimeliness, courts must examine if the alleged failure is "a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation."  *Id.* at 1012 (citing *Spitsyn*, 345 F.3d at 801)

(emphasis in original).    Petitioner does not identify any facts supporting a conclusion that his attorney engaged in a sufficiently egregious misdeed which prevented Petitioner from timely filing his habeas petition.    Accordingly, Petitioner has not established extraordinary circumstances to warrant equitable tolling of the limitation period.

## II.  Actual Innocence

In his Brief in Support, Petitioner argues this Court should consider his constitutional claims notwithstanding his untimely filing because he is actually innocent of the convictions of Attempted Murder.    Petitioner identifies three pieces of evidence to support his claim:   (1) the results of a polygraph examination; (2) his statements at the sentencing hearing; and (3) his testimony in the post-conviction proceeding.

The polygraph results indicated Petitioner answered truthfully when he answered "no" to questions whether he swung the sword at anyone and whether he deliberately hit anyone with the sword. These results were presented to the trial court at the hearing on Petitioner's motion to withdraw his guilty plea.    Counsel argued that the truthful answers were inconsistent with his guilty pleas to Attempted Murder.    Also at the hearing, Petitioner testified that he was on medications at the time of the change of plea hearing, that he did not want to plead guilty but counsel told him to do it, and that counsel told him he could withdraw his plea at

anytime.   At the PCR trial, Petitioner testified that while he accepted responsibility for the "majority of what happened" he is innocent of the attempted murder charges because he did not intend to kill anyone.  Resp. Exh. 113, p. 8.

To be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *McQuiggin*, 133 S. Ct. at 1929.  Moreover, he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 327); *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014).  Here, none of the evidence submitted by Petitioner in support of his claim is new and reliable.

Petitioner had the polygraph evidence before the change of plea, and as noted, he submitted it to the trial court in support of his motion to withdraw the plea, but the trial judge denied the motion after considering the polygraph evidence.   Moreover, polygraph evidence lacks credibility.  *See Brown v. Darcy*, 783 F.2d 1389, 1391 (9th Cir. 1986); *United States v. Cordoba*, 104 F.3d 225, 227-28 (9th Cir. 1997).  As such, polygraph evidence is not the type of "new reliable evidence" envisioned by the *Schlup* court. *See Cortes v. Mills*, 2011 WL 6965804 *5 (D. Or., July 18, 2011)

("[a]ssuming a polygraph has some probative value, it cannot, standing on its own, prove that petitioner is actually innocent") (citing *Hatch v. Lambert*, 215 Fed. Appx. 614 (9th Cir. 2006)) (additional citation omitted). Likewise, Petitioner's self-serving declaration that he did not intend to kill anyone is not the kind of evidence that meets the *Schlup* standard. *Jackson v. Beard*, Case No. 12-CV-2479-BEN(BGS), 2014 WL 2657536, at *7 (S.D. Cal. June 12, 2014); *see also Baran v. Hill*, Case No. 1:07-cv-01411-CL, 2010 WL 466153, at *7 (D. Or. Feb. 9, 2010 (finding that petitioner's self-serving and unsupported statements were not new and reliable evidence sufficient to provide actual innocence).

Viewing the polygraph evidence with the other evidence, Petitioner has failed to demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Accordingly, Petitioner has not established a "fundamental miscarriage of justice" to exempt his claims from the § 2244 statute of limitations.

## III. Evidentiary Hearing

Petitioner seeks an evidentiary hearing to demonstrate there are grounds for equitable tolling. Because Petitioner has not presented any evidence beyond a bare allegation as to his mental condition, Petitioner is not entitled to an evidentiary hearing. *See Bills*, 628 F.3d at 1100 (holding that to evaluate whether

tolling is warranted, the district court must "find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitled him to an evidentiary hearing"); *Anderson v. Nooth*, Case No. 2:14-cv-01916-SB, 2016 WL 6496454, at *4 (D. Or. Aug. 12, 2016) ("[a] petitioner who merely mentions a mental condition is not entitled to an evidentiary hearing").  Likewise, because Petitioner has failed to show what an evidentiary hearing might reveal of material import to his claim of actual innocence, such a hearing is not warranted. *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002). Accordingly, Petitioner's request for an evidentiary hearing is denied.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 2) and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 22nd day of February, 2017.

_____
ANNA J. BROWN
United States District Judge